UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND McCOY, | 1:16-cv-01864-GSA-PC |
| Plaintiff, | ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR PLAINTIFF'S LACK OF STANDING |
| vs. | |
| M. TANN, et al., | TWENTY-DAY DEADLINE TO RESPOND |
| Defendants. | |

## I.   BACKGROUND

Joseph Raymond McCoy ("Plaintiff") is a state prisoner proceeding pro se with this action. Plaintiff filed the complaint commencing this action on November 28, 2016 in the U.S. District Court for the Northern District of California. (ECF No. 1.) On December 9, 2016, the case was transferred to the Eastern District of California. (ECF No. 4.)

On January 3, 2017, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (ECF No. 8.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

On January 24, 2017, and February 15, 2017, Plaintiff filed notices to the court, claiming that this case was erroneously filed as a civil rights action under 42 U.S.C. § 1983, when Plaintiff intended to file a criminal complaint. (ECF No. 14.) Plaintiff requests the court to correct this error and allow this case to proceed as a criminal complaint.

## II. LEGAL STANDARDS

There is no provision allowing an individual to bring a criminal case. It is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person. See Martinez v. Ensor, 958 F.Supp. 515, 518 (D.Colo.1997); see also, Maine v. Taylor, 477 U.S. 131, 137, 106 S.Ct. 2440, 91 L.Ed.2d 110 (1986) ("private parties . . . have no legally cognizable interest in the prosecutorial decisions of the Federal Government"); Heckler v. Chaney, 470 U.S. 821, 832, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985) (a prosecutor's decision not to indict "has long been regarded as the special province of the Executive Branch"); Leeke v. Timmerman, 454 U.S. 83, 85–86, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981) (" 'a private citizen lacks a judicially cognizable interest in the prosecution or non prosecution of another'") (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973)); United States v. General Dynamics Corp., 828 F.2d 1356, 1366 (9th Cir. 1987). The United States Attorneys have the responsibility to prosecute all offenses against the United States within their Districts, except as otherwise provided by law. See 28 U.S.C. § 547. Therefore, "[f]ederal courts have no jurisdiction of cases prosecuted in the name of the United States unless they are prosecuted by the United States Attorney." United States v. Bryson, 434 F.Supp. 986, 988 (W.D.Okla. 1977); see also, United States v. Panza, 381 F.Supp. 1133, 1134 (W.D.Pa. 1974) (holding private citizens have no right to institute a criminal prosecution in federal court).

There is also no provision allowing an individual to bring a cause of action under the California Penal Code. "A criminal action is prosecuted in the name of the people of the State of California, as a party, against the person charged with the offense." Cal.Penal Code § 684.

## III. DISCUSSION

Plaintiff contends that the court mischaracterized his complaint as a civil rights action, filed it as a complaint pursuant to 42 U.S.C. § 1983, and has not corrected the error, despite the fact that Plaintiff requested corrections. Plaintiff asserts that it is apparent on the face of the complaint that he filed a criminal complaint, and there is no dispute that the cause of action is criminal. Plaintiff states that "[t]his is not a civil rights lawsuit." (ECF No. 12.) Plaintiff

requests the court to direct the Clerk of Court to make the necessary corrections on the court's record to reflect the nature of the complaint as a criminal complaint.

A review of Plaintiff's complaint shows that Plaintiff titled it "Criminal Complaint" and seeks to bring criminal charges against defendants pursuant to the California Penal Code and Title 18 of the United States Code. (Complaint, ECF No. 1 at 3.)

Also in the complaint, Plaintiff brings claims for cruel and unusual punishment in violation of the Eighth Amendment and violations of Due Process and Equal Protection under the Fourteenth Amendment. (Id.) These are civil claims typically brought in a civil rights action under 42 U.S.C. § 1982. However, Plaintiff asserts that he does not wish to proceed with a civil rights action.

If Plaintiff wishes to proceed only with a criminal complaint, this case must be dismissed, because Plaintiff has no standing to bring criminal charges against the defendants. Parsons v. Arizona, No. CV 13-0718-PHX-RCB, 2013 WL 4804474, at *4 (D. Ariz. Sept. 9, 2013). Accordingly, the court shall issue an order for Plaintiff to show cause within twenty days why this case should not be dismissed.

### Order to Show Cause

In light of the foregoing, Plaintiff is required to respond to this order within twenty (20) days of the date of service of this order, showing cause why this case should not be dismissed based on Plaintiff's lack of standing to proceed with a criminal complaint. **If Plaintiff fails to comply with this order, this case shall be dismissed, with prejudice, for failure to state a claim.**

IT IS SO ORDERED.

Dated:   **February 17, 2017**              /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE