UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RAYMOND McCOY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>M. TANN, et al.,<br><br>　　　　Defendants. | 1:16-cv-01864-GSA-PC<br><br>ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM, WITH PREJUDICE<br>(ECF No. 1.)<br><br>ORDER THAT THIS DISMISSAL IS SUBJECT TO THE "THREE-STRIKES" PROVISION SET FORTH IN 28 U.S.C. § 1915(g).<br><br>ORDER FOR CLERK TO CLOSE CASE |

**I.　　BACKGROUND**

　　Joseph Raymond McCoy ("Plaintiff") is a state prisoner proceeding pro se with this action.  Plaintiff filed the Complaint commencing this action on November 28, 2016, in the U.S. District Court for the Northern District of California.  (ECF No. 1.)  On December 9, 2016, the case was transferred to the Eastern District of California.  (ECF No. 4.)

　　On January 3, 2017, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (ECF No. 8.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On January 24, 2017, and February 15, 2017, Plaintiff filed notices to the court, claiming that the court erroneously filed this case as a civil rights action under 42 U.S.C. § 1983, when Plaintiff intended to file a criminal complaint. (ECF Nos. 13, 14.) Plaintiff requested the court to correct this error and allow this case to proceed as a criminal complaint.

On February 17, 2017, the court issued an order to show cause, requiring Plaintiff to show cause why this case should not be dismissed for lack of standing. (ECF No. 15.) On March 9, 2017, Plaintiff filed a response to the court's order. (ECF 16.) Plaintiff argues that he has a right to bring a criminal complaint and to request the court to issue arrest warrants against defendants, citing a variety of Federal Rules of Criminal Procedure, case law, and federal statutes.

## II.   DISCUSSION

Plaintiff's reliance on the law he cites is misplaced, and his arguments have no merit. It is well settled that only the U.S. Attorney can initiate criminal proceedings in federal court. Rhodes v. Robinson, 399 F. App'x 160, 165 (9th Cir. 2010) (citing See Keenan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) (*per curiam*) (State prisoner could not initiate criminal prosecution in his own name in federal court by complaint alleging that state officers had conspired to deprive him of rights and seeking criminal prosecution of them).[1] Based on the

---

[1] It is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person. See Martinez v. Ensor, 958 F.Supp. 515, 518 (D.Colo. 1997); see also Maine v. Taylor, 477 U.S. 131, 137, 106 S.Ct. 2440, 91 L.Ed.2d 110 (1986) ("private parties . . . have no legally cognizable interest in the prosecutorial decisions of the Federal Government"); Heckler v. Chaney, 470 U.S. 821, 832, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985) (a prosecutor's decision not to indict "has long been regarded as the special province of the Executive Branch*");* Leeke v. Timmerman, 454 U.S. 83, 85–86, 102 S.Ct. 69, 70 L.Ed.2d 65 (1981) ("'a private citizen lacks a judicially cognizable interest in the prosecution or non prosecution of another'") (quoting Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973)); United States v. General Dynamics Corp., 828 F.2d 1356, 1366 (9th Cir. 1987). The United States Attorneys have the responsibility to prosecute all offenses against the United States within their Districts, except as otherwise provided by law. See 28 U.S.C. § 547. Therefore, "[f]ederal courts have no jurisdiction of cases prosecuted in the name of the United States unless they are prosecuted by the United States Attorney." United States v. Bryson, 434 F.Supp. 986, 988 (W.D.Okla. 1977); see also, United States v. Panza, 381 F.Supp. 1133, 1134 (W.D.Pa. 1974) (holding private citizens have no right to institute a criminal prosecution in federal court).

There is also no provision allowing an individual to bring a cause of action under the California Penal Code. "A criminal action is prosecuted in the name of the people of the State of California, as a party, against the person charged with the offense." Cal.Penal Code § 684.

foregoing, Plaintiff has no standing to bring a criminal complaint against any of the defendants. Therefore, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### III.   CONCLUSION AND ORDER

The court finds that Plaintiff's Complaint fails to state any cognizable claims upon which relief may be granted. The court also finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED that:

1. This case is dismissed for failure to state a claim upon which relief may be granted, with prejudice;
2. All pending motions are denied as moot;
3. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g); and
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **March 15, 2017**                   **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE